United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>DOE-73.170.188.3,<br><br>          Defendant. | Case No. 16-cv-01168-EDL<br><br>**ORDER RE PLAINTIFF'S MOTION TO TAKE EARLY DISCOVERY**<br><br>Re: Dkt. No. 5 |

On March 9, 2016, Plaintiff filed this copyright infringement action, identifying Defendant by an internet protocol ("IP") address only. On March 10, 2016, Plaintiff filed a motion for leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Comcast Cable for records that establish the "identity of the subscriber and account holder assigned the IP address used by defendant, and for such further information as may be needed to specifically identify the Doe defendant."

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Generally, a "good cause" standard applies to determine whether to permit such early discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." Id. To determine whether there is "good cause" to permit expedited discovery to identify doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is

> a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

OpenMind Solutions, Inc. v. Does 1–39, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

Here, although it appears from Plaintiff's supporting memorandum that good cause can be established, Plaintiff has not filed any evidence in support of its motion, such as a declaration pursuant to 28 U.S.C. § 1746 or a verified complaint. See James v. Oakland Police Dep't, 2015 WL 5680919, at *3 (N.D. Cal. Sept. 28, 2015) (Illston, J.) (verified complaint signed under penalty of perjury and based on personal knowledge, and not purely belief, is admissible evidence); OpenMind, 2011 WL 4715200, at *2-*5 (granting a motion for early discovery of the identity of a defendant identified by an IP address that was supported by a declaration from the plaintiff's counsel establishing that good cause existed for the motion); MCGIP, LLC v. Does 1-149, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011) (same). Accordingly, Plaintiff is ordered to file a declaration or other evidence showing that good cause exists for its motion within one week of this order.

**IT IS SO ORDERED.**

Dated: March 21, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge